IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ROGUE WAVE SOFTWARE, INC.,
a Delaware corporation,

Plaintiff,

v.

BTI SYSTEMS INC., an Ontario Canada corporation;
and JUNIPER NETWORKS INC., a Delaware corporation

Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, Rogue Wave Software, Inc. ("Rogue Wave"), through undersigned counsel, Snell & Wilmer, LLP, hereby files this Complaint and Jury Demand, stating as follows:

## PARTIES

1. Plaintiff, Rogue Wave, is a Delaware corporation in good standing. Rogue Wave is licensed to do business in the State of Colorado, and has a principal place of business in Louisville, Colorado.

2. Defendant, BTI Systems Inc. ("BTI"), is an Ontario Canada corporation, with its principal place of business at 200-1000 Innovation Drive, Kanata, Ontario, Canada. BTI is registered as a foreign corporation in good standing, authorized to do business in the State of Colorado.

3. Defendant Juniper Networks, Inc. ("Juniper") is a publicly traded Delaware corporation, with its principal place of business at 1133 Innovation Way, Sunnyvale, California

94089. Juniper is registered as a foreign corporation in good standing, authorized to do business in the State of Colorado.

## JURISDICTION AND VENUE

4.   Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1338(a) by virtue of the United States Copyright Act, 17 U.S.C. §§ 101, et seq.

5.   Personal jurisdiction arises under C.R.S. § 13-1-124 because Defendants transact business within the State of Colorado.

6.   Venue is appropriate under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS

7.   Rogue Wave creates, develops, supports and licenses certain computer software libraries that computer program developers use in developing computer software programs.

8.   One such set of libraries is the JViews Telecom Graphics Objects product ("JTGO" or the "Software").

9.   Rogue Wave acquired JTGO from International Business Machines Corporation ("IBM"), which acquired it as a result of IBM's acquisition of ILOG, Inc. ("ILOG" and collectively with IBM, "ILOG/IBM"). ILOG is the creator and author, and was the original owner of JTGO.

10.   JTGO was created and first published in the United States of America in 2009.

11.   IBM complied in all respects with federal and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the Software, and received from the Register of Copyrights certificate of registration for JTGO dated October 23, 2009, and identified as registration number TX0007016390.

12. On or about June 30, 2009, IBM/ILOG and BTI entered into a certain Application License Agreement for ISVs (the "License Agreement").

13. The License Agreement granted BTI a limited development license for four (4) users to use JTGO in the design, development and support of BTI's proNX Management application (the "Application") and a limited deployment license for BTI to reproduce, market, support, distribute and sublicense the Application, including the embedded JTGO software, directly to end users. Both licenses were specifically limited to the term of the License Agreement which began on June 30, 2009, and ended on June 30, 2012.

14. After the License agreement ended, on September 30, 2014, IBM assigned the copyright for the Software to Rogue Wave. A copy of the certificate of registration for the Software and for the Copyright Assignment are attached hereto as Exhibits A and B respectively.

15. The Copyright Assignment includes an explicit assignment of accrued copyright infringement claims along with the right to sue for and collect damages arising out of the same. Copyright Assignment Ex. B, at ¶ 1.

16. At the time of the assignment of the copyright of the Software to Rogue Wave, Rogue Wave was unaware of the prior License Agreement between IBM and BTI.

17. Notwithstanding the fact that its License Agreement ended on June 30, 2012, BTI continued to use and distribute the Software.

18. On or about January 20, 2016, Kieran Dalton, General Manager of BTI, contacted Jeff Hildreth of Rogue Wave to discuss extending the term of the License Agreement.

19. Mr. Dalton explained that BTI had discovered during the due diligence for the sale of the company to Juniper that BTI was continuing to use and distribute the Software despite the expired term of the License Agreement.

20. Thereafter, Rogue Wave and BTI discussed on several occasions BTI's obligation to pay for its use of the Software after June 30, 2012. The parties never came to an agreement on this issue, however, and to date BTI has never paid for its use of the Software after June 30, 2012.

21. Upon information and belief, in April of 2016 Juniper acquired BTI.

22. Rogue Wave has formally demanded that BTI/Juniper pay Rogue Wave for the unauthorized use and distribution of the Software beyond the term of the License Agreement.

## FIRST CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 106(1))

23. Rogue Wave hereby realleges and incorporates by reference paragraphs 1-22 as if set forth herein.

24. The Software contains material wholly original and copyrightable under applicable law.

25. Since September 30, 2014, Rogue Wave has been and still is the sole proprietor of all rights, title and interest in and to all copyrights in the Software, including the rights to sue and recover damages for accrued copyright infringement claims.

26. IBM properly registered its copyright in the Software, and received from the Register of Copyrights a certificate of registration for JTGO dated October 23, 2009, and identified as registration number TX0007016390. Rogue Wave properly assumed the ownership of this copyright. A copy of this certificate of registration is attached hereto as Exhibit A. This

registration provides Rogue Wave additional specific rights for enforcement and redress. A copy of the Copyright Assignment is attached hereto as Exhibit B.

27. While IBM granted BTI limited rights to reproduce, create derivative works of, and distribute the Software pursuant to the License Agreement, IBM retained all ownership and copyright in and to the Software.  IBM's ownership has been transferred to Rogue Wave.

28. BTI used the Software without authority after the expiration of the term of the License Agreement.

29. BTI copied the Software without authority after the expiration of the term of the License Agreement.

30. BTI and its customers continue to use and copy the Software without authority and in a manner which is in violation of Rogue Wave's exclusive rights in and to the Software.

31. Upon information and belief, Juniper has used and copied, and continues to use and copy the Software without authority and in a manner which is in violation of Rogue Wave's exclusive rights in and to the Software.

32. Through the actions described herein, Defendants have infringed upon Rogue Wave's copyrights in the Software.

33. Defendants' infringement has been knowing and willful.

34. Upon information and belief, Defendants controlled, directed, supervised and profited from its infringing actions.

35. Rogue Wave has been damaged, and continues to be damaged as a result of Defendants' infringement.

36. Defendants have been and continue to be unjustly enriched as a result of their infringement.

37. As of this date, Defendants continue to use the Software to the detriment of Rogue Wave, without an appropriate license agreement in place, and contrary to Rogue Wave's request to cease such activities, thereby gaining income and revenues.

38. Defendants apparently intend to continue their course of conduct, and to wrongfully use, infringe upon and otherwise profit from the Software and works derived therefrom.

39. As a direct and proximate result of the acts of Defendants, Rogue Wave has sustained lost revenues and profits.

40. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringement of Plaintiff's copyrighted Software.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement – 17 U.S.C. § 106(2))

41. Rogue Wave hereby realleges and incorporates by reference paragraphs 1-40 as if set forth herein.

42. Upon information and belief, BTI has created derivative works of the Software without authority after the expiration of the term of the License Agreement in a manner which is in violation of Rogue Wave's exclusive rights in and to the Software.

43. Upon information and belief, Juniper has created derivative works of the Software without authority and in a manner which is in violation of Rogue Wave's exclusive rights in and to the Software.

44. Through the actions described herein, Defendants have infringed upon Rogue Wave's copyrights in the Software.

45. Defendants' infringement has been knowing and willful.

46. Upon information and belief, Defendants controlled, directed, supervised and profited from its infringing actions.

47. Rogue Wave has been damaged, and continues to be damaged as a result of Defendants' infringement.

48. Defendants have been and continue to be unjustly enriched as a result of their infringement.

49. As of this date, Defendants continue to use derivative works of the Software to the detriment of Rogue Wave, without an appropriate license agreement in place, and contrary to Rogue Wave's request to cease such activities, thereby gaining income and revenues.

50. Defendants apparently intend to continue their course of conduct, and to wrongfully use, infringe upon and otherwise profit from the Software and works derived therefrom.

51. As a direct and proximate result of the acts of Defendants, Rogue Wave has sustained lost revenues and profits.

52. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or

measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringement of Plaintiff's copyrighted Software.

### THIRD CLAIM FOR RELIEF
#### (Copyright Infringement – 17 U.S.C. § 106(3))

53. Rogue Wave hereby realleges and incorporates by reference paragraphs 1-52 as if set forth herein.

54. BTI has distributed the Software without authority after the expiration of the term of the License Agreement.

55. BTI has sublicensed the Software to its customers without authority after the expiration of the term of the License Agreement.

56. BTI continues to distribute and sublicense the Software without authority and in a manner which is in violation of Rogue Wave's exclusive rights in and to the Software.

57. Upon information and belief, Juniper has distributed and sublicensed the Software without authority and in a manner which is in violation of Rogue Wave's exclusive rights in and to the Software.

58. Through the actions described herein, Defendants have infringed upon Rogue Wave's copyrights in the Software.

59. Defendants' infringement has been knowing and willful.

60. Upon information and belief, Defendants controlled, directed, supervised and profited from its infringing actions.

61. Rogue Wave has been damaged, and continues to be damaged as a result of Defendants' infringement.

62. Defendants have been and continue to be unjustly enriched as a result of their infringement.

63. As of this date, Defendants continue to distribute and sublicense the Software to the detriment of Rogue Wave, without an appropriate license agreement in place, and contrary to Rogue Wave's request to cease such activities, thereby gaining income and revenues.

64. Defendants apparently intend to continue their course of conduct, and to wrongfully use, infringe upon and otherwise profit from the Software and works derived therefrom.

65. As a direct and proximate result of the acts of Defendants, Rogue Wave has sustained lost revenues and profits.

66. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringement of Plaintiff's copyrighted Software.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants and grant the following relief:

a. All damages to which Plaintiff may be entitled, including for Defendants' profits and for damages available under 17 U.S.C. § 101, et seq., in an amount as may be proven at trial, including but not limited to all available damages, penalties and remedies for knowing and willful copyright infringement; alternatively, at Plaintiff's election, for the maximum statutory damages amount allowed by law for all individual copyright infringements involved in this

action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

  b. Reasonable attorney fees and costs;

  c. Prejudgment interest;

  d. Preliminary and permanent injunctive relief, enjoining Defendants from continuing to use, copy, make derivative works of, or distribute the Software, or otherwise infringe Plaintiff's copyright in the Software;

  e. Such other and further relief as the Court deems just and proper under the circumstances.

  **PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this 16th day of August 2016.

         SNELL & WILMER L.L.P.

         By: *s/ James D. Kilroy*
           James D. Kilroy, Esq.
           1200 Seventeenth Street, Suite 1900
           Denver, Colorado 80202
           Telephone: 303.634.2000
           jkilroy@swlaw.com

           *Attorneys for Plaintiff*
           *Rogue Wave Software, Inc.*